JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Frederick Cullen

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq.,
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Phila. PA 19102    215-545-7676

## DEFENDANTS

Select Medical Corporation, Select Medical Holdings Corporation, Select Employment Services, Inc.

County of Residence of First Listed Defendant    Cumberland
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq. ("ADA) and 29 U.S.C. §2601, et seq. ("FMLA")
Brief description of cause:
Plaintiff is alleging disability discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   N/A
JUDGE _____   DOCKET NUMBER _____

DATE
08/03/2017

SIGNATURE OF ATTORNEY OF RECORD
*Caren N. Gurmankin, Esquire*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT                                    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Frederick Cullen, Washington Crossing, PA 18977

Address of Defendant: Select Medical Corporation, 4714 Gettysburg Road, Mechanicsburg, PA 17055

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Caren N. Gurmankin, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: Aug. 3, 2017     _____     205900
                           Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Aug. 3, 2017     _____     205900
                        Caren N. Gurmankin, Esquire

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Frederick Cullen | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| Select Medical Corporation, et al. | : | NO. |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)


| | | |
|---|---|---|
| Aug. 3, 2017 | _Cngl_ (Attorney-at-law) | Plaintiff, Frederick Cullen |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 565-2853 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FREDERICK CULLEN<br>Washington Crossing, PA 18977 | CIVIL ACTION NO. |
| **Plaintiff,** | |
| v. | |
| SELECT MEDICAL CORPORATION<br>4714 Gettysburg Road<br>Mechanicsburg, PA 17055-4325 | JURY TRIAL DEMANDED |
| and | |
| SELECT MEDICAL HOLDINGS<br>CORPORATION<br>4714 Gettysburg Road<br>Mechanicsburg, PA 17055-4325 | |
| and | |
| SELECT EMPLOYMENT<br>SERVICES, INC.<br>4714 Gettysburg Road<br>Mechanicsburg, PA 17055 | |
| **Defendants.** | |

## COMPLAINT

## I.    INTRODUCTION

Plaintiff, Frederick Cullen, brings this action against his former employers, Select Medical Corporation; Select Medical Holdings Corporation; and, Select Employment Services, Inc. (together "Defendants").  After nineteen (19) years of employment, and less than one (1) month after Plaintiff returned to work following

open heart surgery, and medical to leave to recover from both the surgery and complications from the same (and with certain accommodations), Defendants terminated his employment.  Defendants' unlawful conduct towards Plaintiff violated the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").  Plaintiff was also terminated in violation of the Family Medical Leave Act, as amended, 29 U.S.C. §2601, *et seq.* ("FMLA").

## II.  **PARTIES**

1.     Plaintiff, Frederick Cullen, is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Washington Crossing, PA 18977.

2.     Plaintiff was employed with Defendant for approximately nineteen (19) years.  At all times material hereto, Plaintiff was employed for at least twelve hundred and fifty (1,250) hours of service during the twelve (12) month period prior to the start of his FMLA leave.

3.     Defendant, Select Medical Corporation, is a Delaware corporation with a principal place of business at 4714 Gettysburg Road, Mechanicsburg, PA 17055-4325.

4.     Defendant, Select Medical Holdings Corporation, is a Delaware corporation with a principal place of business at 4714 Gettysburg Road, Mechanicsburg, PA 17055-4325.

5.     Defendant, Select Employment Services, Inc., was the entity that paid Plaintiff.

6.     According to Defendants' Annual Report, Defendant Select Medical

2

Corporation is a wholly owned subsidiary of Defendant Select Medical Holdings Corporation.

7.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

8.      At all times material hereto, Defendants employed more than fifteen (15) employees.

9.      At all times material hereto, Defendants employed more than fifty (50) employees at Plaintiff's workplace and/or within seventy five (75) miles of Plaintiff's workplace.

10.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

11.      At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

12.      At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

13.      At all times material hereto, Plaintiff worked out of Defendants' location at 680 American Avenue, Suite 200, King of Prussia, PA 19406.

## III.   JURISDICTION AND VENUE

14.      The causes of action which form the basis of this matter arise under the ADA, the FMLA, and the PHRA.

3

15.     The District Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1331.

16.     The District Court has jurisdiction over Count II (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

17.     The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

18.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

19.     On or about May 20, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

20.     On or about May 8, 2017, the EEOC issued to Plaintiff a Dismissals and Notice of Rights for his EEOC Charge.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

21.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.     **FACTUAL ALLEGATIONS**

22.     According to Defendants' website, they are "one of the largest operators of specialty hospitals, outpatient rehabilitation clinics and occupational

health centers in the United States based on the number of facilities," and they have operations in forty six (46) states and the District of Columbia.

23.     Plaintiff became employed by Defendants in around 1999, when they acquired the company with which he was then employed.  Defendants informed Plaintiff that his service time at his prior employer, about two (2) years, would count towards his years of service at Defendants.  At the time that Defendants terminated Plaintiff's employment, in April 2016, Plaintiff had approximately nineteen (19) years of service time with Defendants.

24.     At the time that Plaintiff became an employee of Defendants, in around 1999, he held the title of Manager of Real Estate and Construction.  In or around 2001, Plaintiff was promoted into the position of Vice President of Corporate Business Development.

25.     In around 2008, Plaintiff was told that his title would be changed to Vice President of Construction, although he continued to work in the capacity of Vice President of Corporate Business Development.

26.     From in or around 2008, Plaintiff reported directly to Randy Watts, Vice President of Corporate Real Estate.  Watts reported to Michael Malatesta, Vice President of Finance.

27.     At all times material hereto, Plaintiff performed his job duties in a highly competent manner.  By way of example only, on his last performance evaluation for the 2014 review period, Plaintiff received an overall rating of "Commendable," the second highest-rating possible.  His manager's comments on the review included the following:

"Fred has accomplished commendable status in several areas during this year.  Fred has improved his responsiveness to the field thru-out all of our markets as well as communication/documentation to internal departments.  In addition, Fred manages our facility managemnet [*sic*] services and has received superior contributor status for their services to our operations team.  I am proud of Fred's progress in CY2014.  Fred's performance in CY2014 warrant consideration to take on additional real estate responsibilities.  Fred and I will discuss in more detail and I look forward to Fred's continued improvements and additional responsibilities in the upcoming year."

28.     In or around early December 2015, Plaintiff was diagnosed with coronary artery disease, in which plaque builds up inside the coronary arteries and reduces the flow of blood to the heart.  Plaintiff was told that he would need to undergo coronary artery bypass grafting, i.e., open heart surgery, to treat the disease.  Plaintiff immediately informed Defendants of his diagnosis and surgery, and that he would need to take medical leave regarding the same.

29.     On or about December 7, 2015, Plaintiff underwent a quadruple bypass.  He was on approved medical leave pursuant to the Family Medical and Leave Act ("FMLA") through his expected return date of February 18, 2016.

30.     In January 2016, Plaintiff informed Defendants that he had contracted an infection resulting from the surgery, causing a set-back in his recovery and a delay in his return to work.

31.      On or about March 7, 2016, Plaintiff submitted a doctors' note to Defendants advising that he would be released to return to work effective March 18, 2016, with the restriction that he had to attend cardiac rehabilitation through April 2016.

32.     Plaintiff returned to work on March 18, 2016.  As an

accommodation to his medical condition, and continuing recovery from surgery, he came in late three (3) days per week so that he could attend cardiac rehabilitation in the morning, and he left the office around mid-afternoon to continue working from home.

33.    After Plaintiff returned to work, Watts repeatedly made comments reminding Plaintiff, and their colleagues, that Plaintiff had been out of work on medical leave for about four (4) months.

34.    On or about April 12, 2016, Plaintiff was called into a meeting with Watts and John Saich, Chief Human Resources Officer and Executive Vice President, and told that his position was being eliminated due to the acquisition of another company, and that, as such, his employment was being terminated.

35.    Defendants told Plaintiff, repeatedly, that his termination had nothing to do with his job performance.  Defendants did not discuss with Plaintiff the possibility of placing him into any other position with the company.

36.    Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

37.    Defendants' asserted reason for terminating Plaintiff's employment was pretextual.

38.    Defendants retaliated against Plaintiff for exercising his rights to FMLA leave.

39.    At all material times hereto, Plaintiff was disabled, and/or had a record of a disability, and /or was regarded as being disabled, within the meaning of the ADA and the PHRA.

40.     Plaintiff's disability, including his record of disability and Defendants' regarding him as having a disability was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including, but not limited to, the termination of Plaintiff.

41.     Defendants retaliated against Plaintiff for requesting reasonable accommodations for his disability.

42.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

43.     The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

## COUNT I - ADA

44.     Plaintiff incorporates herein by reference paragraphs 1 through 43 above, as if set forth herein in their entirety.

45.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the ADA.

46.     Defendants acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and their conduct warrants the imposition of punitive damages.

47.     As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

48.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

49.     No previous application has been made for the relief requested herein.

## COUNT II – FMLA

50.     Plaintiff incorporates herein by reference paragraphs 1 through 49 above, as if set forth herein in their entirety.

51.     Defendants, by terminating Plaintiff for use of protected leave, have retaliated against Plaintiff and violated the FMLA.

52.     As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

53.     Defendants acted without good faith or reasonable grounds for believing that their acts did not violate the FMLA and the imposition of liquidated damages is warranted.

54.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless and until the Court grants the relief requested herein.

55.     No previous application has been made for the relief requested herein.

### COUNT III - PHRA

56.     Plaintiff incorporates herein by reference paragraphs 1 through 55 above, as if set forth herein in their entirety.

57.     Defendants, by the above improper, discriminatory, and retaliatory acts, have violated the PHRA.

58.     Said violations were intentional and willful.

59.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

60.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

61.     No previous application has been made for the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADA;

      (b)     declaring the acts and practices complained of herein to be in violation of the FMLA;

      (c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

      (d)     enjoining and permanently restraining the violations alleged herein;

      (e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

      (f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

      (g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

      (h)     awarding punitive damages to Plaintiff under the ADA;

      (i)     awarding liquidated damages to Plaintiff under the FMLA;

      (j)     awarding Plaintiff such other damages as are appropriate under the ADA, the FMLA, and the PHRA;

      (k)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(l)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW**

Dated:    08/03/2017             BY:    _____
                                        Stephen G. Console, Esq.
                                        Caren N. Gurmankin, Esq.
                                        1525 Locust St., 9th Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676

                                        Attorneys for Plaintiff,
                                        Frederick Cullen

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | x FEPA<br>x EEOC | 530-2016-02799 |

STATE OR LOCAL AGENCY: **Pennsylvania Human Relations Commission**

| NAME (Indicate Mr., Ms., Mrs.)<br>**Fred R. Cullen** | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>**Washington Crossing, PA 18977** | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Select Medical Corporation**<br><br>**See "Other Respondents" on next page.** | NUMBER OF EMPLOYEES<br>**Over 500** | TELEPHONE (Include Area Code)<br>**(717) 972-1100** |
|---|---|---|

| STREET ADDRESS<br>**4714 Gettysburg Road, P.O. Box 2034** | CITY, STATE AND ZIP<br>**Mechanicsburg, PA 17055-4325** | COUNTY<br>**Cumberland** |
|---|---|---|

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>Race    Color    Sex    Religion    National Origin<br>**XX** Retaliation    Age    **XX** Disability    Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br>Earliest                    Latest<br>April 12, 2016 |
|---|---|

## THE PARTICULARS ARE:

### A.    1.    Relevant Work History

In 1997,[1] I was hired as Manager of Real Estate and Construction at MT Consulting, working as a consultant for Respondent NovaCare Rehabilitation, Inc. In May 2001, I was hired as Vice President of Corporate Business Development at Respondents. My years of service at MT Consulting were treated as years of service at Respondents. In 2008, I was told that my Vice President of Corporate Business Development position would be eliminated and that I would be placed in a Vice President of Construction position. However, my title and position never changed, and I continued in my role as Vice President of Corporate Business Development at Respondents. From 2008 until my termination on April 12, 2016, I reported directly to Randy Watts, Vice President of Corporate Real Estate. At the time of my termination, Mr. Watts reported to Mike Malatesta, Vice President of Finance.

Throughout my over eighteen years of service, I was a dedicated employee, performed my job duties in an excellent manner, and consistently received positive performance feedback.

| **_X_** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | ~~NOTARY        (when   necessary   for   State   and   Local Requirements)~~<br><br>~~I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief.~~ |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| x _[signature]_<br><br>Date: 5/20/16        Charging Party (Signature) | ~~SIGNATURE OF COMPLAINANT~~<br>~~SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE~~<br>~~(Day Month, and year)~~ |

---

[1]        All dates set forth herein are approximate.

EEOC Charge of Discrimination
Page 2 of 4
Fred R. Cullen v. Select Medical Corporation *et al.*

## OTHER RESPONDENTS

**NovaCare Rehabilitation, Inc.**
4714 Gettysburg Road
Mechanicsburg, PA 17055
(610) 337-1558

**RehabClinics, Inc.**
4714 Gettysburg Road
Mechanicsburg, PA 17055
(610) 337-1558

**SMC OP Shared Services**
4714 Gettysburg Road
Mechanicsburg, PA 17055
(610) 337-1558

EEOC Charge of Discrimination
Page 3 of 4
Fred R. Cullen v. Select Medical Corporation *et al.*

## 2.    Summary of Harm

Respondents discriminated against me because of my "disability" and retaliated against me for requesting reasonable accommodations. Evidence of Respondents' discrimination and retaliation includes, but is not limited to, the following:

a. In late November 2015, I was diagnosed with my disability.

b. On December 3, 2015, I learned that I would need to undergo surgery as treatment for my disability.

c. On December 4, 2015, I notified Respondents that I would need to take a medical leave of absence so that I could undergo surgery as treatment for my disability.

d. On December 8, 2015, I began my medical leave of absence.

e. My expected return to work date was February 18, 2016.

f. On December 7, 2015, I underwent surgery as treatment for my disability.

g. My expected return to work date was changed to March 18, 2016 due to a medical complication arising from my surgery.

h. On March 18, 2016, I returned to work full time on a modified work schedule due to my disability and to recover from my surgery.

i. After I returned to work, Mr. Watts made comments to other employees of Respondents regarding the fact that I had been out of the office for approximately four months.

j. On April 12, 2016, I was called into a meeting with Mr. Watts and John Saich, Chief Human Resources Officer and Executive Vice President.

k. During that meeting, Mr. Watts and Mr. Saich told me that my position was being eliminated and my employment was being terminated as part of a restructuring in connection with the acquisition of another company. This reason is a pretext for disability discrimination and retaliation.

l. During the same meeting, Mr. Watts and Mr. Saich told me that the elimination of my position and the termination of my employment were not related to my performance.

m. Prior to the April 12, 2016 meeting, Respondents had never indicated that my position or employment was in jeopardy.

n. Out of all of the employees who worked at Respondents prior to the restructuring that was announced to me on April 12, 2016, I was the only one whose position was eliminated and whose employment was terminated in connection with that restructuring.

## B.    Respondents' Stated Reasons

a. Respondents' stated reason for eliminating my position was that it was part of a restructuring. This stated reason is a pretext for disability discrimination and retaliation.

EEOC Charge of Discrimination
Page 4 of 4
**Fred R. Cullen v. Select Medical Corporation** *et al.*

b. Respondents' stated reason for terminating my employment was that it was part of a restructuring. This stated reason is a pretext for disability discrimination and retaliation.

**C.    Statutes and Basis for Allegations**

Respondents discriminated against me based on my disability and retaliated against me for requesting reasonable accommodations in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101-12213, and the Pennsylvania Human Relations Act, as amended, 43 Pa.C.S. § 951 et seq., as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Fred R. Cullen v. Select Medical Corporation, et al.**

EEOC No. _____

     You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

     Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

     If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

     Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

     If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

  X  I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

  X   *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

       X  _____  5/30/16
           Signature and Date (Fred R. Cullen)

# EXHIBIT 2

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Fred Cullen | From: Savannah Local Office |
|---|---|
| ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ <br> Washington Crossing, PA 18977 | 7391 Hodgson Memorial Drive <br> Suite 200 <br> Savannah, GA 31406 |

|  | ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-02799 | James E. Love, Sr., Investigator | (912) 920-4480 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Omayra Padilla_
Omayra Padilla,
Director

MAY 0 8 2017
(Date Mailed)

Enclosures(s)

cc:
Mary B. Lacey
VP Employment Services
SELECT MEDICAL
4714 Gettysburg Road, P.O. Box 2034
Mechanicsburg, PA 17055

Megan Knowlton Balne, Esq.
CONSOLE LAW OFFICES
1525 Locust Street
9th Floor
Philadelphia, PA 19102